Thank you and our final case this morning is Herrera v. Cleveland and I see Mr. Seneca and I see Mr. Gale so you're both with us and there you are okay can you hear me yes all right you may proceed thank you judge may it is the court this case addresses whether suing a John Doe defendant constitutes a mistake for purposes of rule 15's relation back provision the relation back doctrine reflects the common-sense idea that a party should not be penalized for making a genuine and reasonable mistake when suing or naming a prospective defendant however where that party fully understands the legal and factual status of the party they have sued common sense equally dictates that relation back under rule 15 does not apply in this case the district court's decision should be overturned for the following three reasons first suing a John Doe defendant is not a mistake within the plain language or ordinary dictionary definition understanding of the term second nearly every circuit that has addressed this exact question has determined that suing a John Doe defendant is not a mistake for purposes of rule 15 and third the history and amendment to rule 15 further support that it does not apply to this situation so turning to my first point the principal case that the district excuse me that the district court relied on was the Supreme Court's 2010 decision in Krupsky versus Costa Cochier where a plaintiff who had been injured aboard a cruise ship sued who she believed to be the owner and operator of the cruise ship which was a company called Costa Cruz now in actuality the owner and operator of the ship was a company named Costa Cochier and Costa Cruz acted as the marketing and sales agent for that other corporation now the Supreme Court stated that even though the plaintiff understood the existence or knew about these two different entities that did not foreclose the possibility that she because she misunderstood the corporate relationship between these two entities that is very different from the John Doe situation where what the plaintiff is doing is as effectively using the John Doe pleading device as a benchmark to put stamp in time the moment they filed their case and then later on seeking to amend the complaint to bring in the party once they discovered that person so that is very different from the traditional cases where the relation back applies where it's a conflation of identity between related entities or related persons and if you look at the definition that was actually cited in the Krupsky case it premises a mistake on a wrong action or a wrong step now the district court in its decision latched its analysis under two particular words given in in a citation in the Krupsky case which was inadequate knowledge what and that was a dictionary where they defined a mistake as a wrong action or statement proceeding from faulty judgment inadequate knowledge or inattention the main problem is that when you're naming a John Doe defendant there is no wrong step or wrong action you simply just don't have that information but you haven't made an error in terms of conflating you know that fictitious person with an actual real person I'd like to ask you a question about that we appreciate your submission here as to how we should read Krupsky versus perhaps how the district court or district court district courts read Krupsky there's also this alternative argument that's been presented in the amicus brief I'm specifically focusing in on pages 22 to 26 in which they make reference to Illinois's interpretation of Krupsky specifically with regard to rule 15 c1a in this idea for a state law relation back potentially controlling wonder if you could address that argument whether or not you believe it undercuts your argument and how Krupsky is read in that argument so I don't I would disagree that it undercuts our argument I'm familiar with what you're referring to judge Brennan and I think there's two things to say about that one that's not what the district court decided in this case in fact there was no mention of that particular provision of the rule but secondly I think it's really a red herring because the Illinois standard and the federal standard there's no difference between the two in fact the Illinois rule was amended to bring itself into compliance with the federal rule so it takes its cues from the federal rule not vice versa and there's been no definitive decision by the Illinois Supreme Court about the the relation back and the this court has in fact stated that there is essentially no difference between the Illinois rule for relation back and the federal rule for relation back and I'm citing to a case called Han versus Walsh which is a Seventh Circuit 2014 decision so I think that that doesn't change the fact that Krupsky is simply not interpreted differently either at the state level or at the federal level and that again goes back to the the common-sense understanding of what is a mistake you know if you were asking you know your friend about sports history and you ask them who won the Super Bowl last year and they told you I don't know I don't watch football you wouldn't say to them oh you've made a mistake you you're mistaken you would say well they just don't know that now if they said that you know the Chicago Bears won the Super Bowl then you might tell them that they've made a mistake because they're taking that wrong step or wrong action because of course they didn't win but I think that goes to just the plain language understanding of what is a mistake and the district court in its decision and other other courts that or excuse me other courts that have decided this issue have primarily based their interpretation concerns on the issue of fairness but I want to address that because I think that that is really not a concern that should be braised in in determining or interpreting what a mistake is first of all it's Congress and the Rules Committee that effectively determines what is and is not fair those are the institutions that are best situated to make that determination and consider the consequences of enacting a particular rule but also importantly there are already doctrines in place that alleviate any concerns about unfairness things like equitable tolling equitable estoppel those things are already in place and allow for that fairness aspect to be alleviated when you have a particular class of plaintiff or you can't bring their claims in a timely manner and that is essentially what every circuit that has addressed this issue has has come to the conclusion on today it's the the second fifth sixth eighth and ninth circus all of which have directly addressed this question and all of which have found that it does not constitute a mistake for the reasons that we've discussed mr. Sunil suppose we agree with you on the merits of your position what's your view on whether we should remand for a consideration of the application of equitable tolling here I think it would be appropriate judge to remand for equitable tolling precisely because that decision was not reached by the district court so it should in fairness be sent back down to have those arguments ruled upon about whether or not it's going to apply in this case and that's what we're asking the court to do and and it's precisely because these other doctrines exist that we're saying that there's no need to determine that there's a fairness component when interpreting what is or is not a mistake the the only circuit that has arguably questioned these uniform holdings is the Third Circuit in the case of Singletary versus Pennsylvania Department of Corrections but even in that case they didn't actually make the determination that suing a John Doe defendant is a mistake what they they actually didn't apply relation back at all in that case because they found that the notice aspect hadn't been met but what they said was in a footnote they made some remarks about the policy of having this type of rule and whether or not it was good policy or not and they urged the Rules Committee actually to amend the rule to to change it to make it explicit that suing a John Doe defendant could be a mistake because it's done based on a complete lack of knowledge but that request which was made almost 20 years ago at this point has gone unacted upon and we still have the current iteration of the rule that we had back then which sort of takes me to my last point which has to do with the history and the amendment to the rule the rule was first amended in 1966 to alleviate a problem that had arisen where plaintiffs were suing the government entity but they were suing the wrong government entity in relation to Medicare and Social Security Administration and you can look at the committee notes for that but they were trying to correct that problem where the plaintiff misunderstood who they should have been suing and then again when they amended in 1991 this that was the same problem they were trying to fix they were trying to fix the the Supreme Court's decision in Chiavon versus Fortune where again you had a conflation of identities between two corporate entities but that is not a problem when we're talking about the John Doe context because again the plaintiff understands exactly what they're doing they understand that they're naming this fictitious person and that they're seeking to amend the problem is is that's why you have statute of limitations to begin with in the first place is to allow a litigant to investigate their claims and to bring them in a timely manner and for that reason we would ask that the district court be overturned and I'll preserve the rest of my time thank you thank you thank you your honor good morning and may it please the court I'd like to start this morning by addressing a question that was asked of Appellants Council specifically the application of rule 15 c1a to this case from the Apple ease perspective from our perspective that is in fact controlling and it mandates a judgment in favor of our client the reason I say that is the Illinois rule upon upon which the state law cases were were which they which the state law cases were discussing in the amicus brief that rule was patterned specifically on rule 15 C and they were trying to figure out whether relation back should apply in a situation where including a situation just like ours the key case to which I would direct the court's attention is one that's cited in the amicus brief it's the Zlatev versus Millett case the site on that is 43 Northeast third page 153 and there were two certified questions that were asked of the first district appellate court in court in Illinois one of those questions specifically was whether lack of knowledge regarding the identity of a potentially culpable party could be mistaken identity such that naming that party later once the identity was learned could relate back to the Zlatev court found specifically that it could and it should and based it not only on prior Illinois case law but also specifically on Krupsky Krupsky was a watershed case with the unit from the United States Supreme Court and it made clear that the rule the rules of civil procedure generally and rule 15 specifically should be read to maximize the likelihood that cases will be decided on their merits and not on a procedural technicality that I'd like to address another point that was raised during the appellant's argument and that is specifically about other circuits that have dealt with this particular question and by particular question I mean John Doe and whether naming the actual defendant after the statute of limitations has lapsed can relate back to a John Doe having been named before the lapse of the statute of limitations but we addressed it somewhat in our brief I want to specifically make a couple of points that we didn't make in our brief that I think goes specifically to what counsel for the appellant said in the Second Circuit the Sierra case CEA are a versus Deakin and in the Eighth Circuit the Hagelin case Hagelin versus City of Grand Rapids in those two cases the Second Circuit in Sierra and the Eighth Circuit in Hagelin did specifically deal with whether or not the Krupsky case dealt with also a John Doe situation or whether it should be applied to a John Doe situation and in both those cases the Second Circuit in the Eighth Circuit decided that it should not for two reasons we believe that those cases are wrongly decided first because it missed those cases miss read Krupsky they read Krupsky very narrowly and they cling on to their pre Krupsky case law this circuit has not what has not clung so tightly on to pre cups Krupsky case law and I'm talking specifically about the Joseph case which was decided approximately nine months after and and this court correctly understood that the Krupsky case cut the legs out from under what had been the rule in this circuit as articulated in the Hall case decided several years prior so we think that it's a misreading of Krupsky but also I turn back to the 15 c1a argument because the state of Illinois specifically has made clear that in a situation like ours it would relate back to the filing of the original complaint that should also control this court's decision here one other thing so that I don't forget in terms of whether or not the case should be remanded regardless of the court's decision here I concur with what my colleague counsel for the appellant said this case should be remanded back because there's been absolutely no factual development what happened below is we filed what our client on the pro se incarcerated young man filed a pro se complaint then it was served on the sheriff the sheriff actually waived service of process and during that period of time the court appointed myself to represent mr. Herrera and we filed an amended complaint and then a second amended complaint that specifically named the defendants that are now before the court mr. Gale how do you respond to the argument that in Krupsky you really are dealing with confusion about corporate identities and what we might think of more naturally as constituting you know a mistake an unintentional error that way and in this situation you're not in any way dealing with an unintentional error in other words what concerns me about your position is it seems like we have to interpret the word mistake not in as we did in the hall but rather somehow view Krupsky as giving us a mandate to construe mistake as like a term of art I understand I think I understand your question you're on let me try to address it this way first of all I absolutely Krupsky did not deal with our situation Krupsky did not deal with John does the reasoning in Krupsky we believe is also applicable he because of Krupsky's discussion of the predisposition to decide cases on their merits but it's interesting that you also raise Hall even though Hall was effectively overruled by the Joseph court there's a there's a discussion there that directly relates naming a John Doe defendant with naming an incorrect party so in other words in Hall they the court decided that naming that coming back and naming a correct party after an incorrect party had been named was no different than having named a John Doe as a defendant and so the court equated those two things from our perspective they're the same thing here also the definition the very definition of mistake that was written into the about actions taken on inadequate knowledge that is flatly where we are here and something that I think needs to be addressed we seek justice in this specific case on behalf of our client that should be contrasted with the tactical decision that's being made by appellants here in service of a strategy to try to eliminate a large swath of pro se complaints that are written what the defend what the defendants appellants asked for here is that it could never be a mistake to name a John Doe as a defendant and then come back after the statute of limitations and have the naming of the actual defendant relate back to that early earlier filing we think that is flatly incorrect we think that it would be grossly unfair to people exactly in the position of our client what we want to do here is develop a factual record before the district court it's absolutely correct that we still have equitable tolling arguments and we feel strongly about those as well but here what we're here to talk about today is whether or not naming the actual defendant after having named a John Doe can ever relate back the question presented by appellants here is whether it can ever relate back and they argue that it never ever can that would be a draconian ruling we think that it's flatly incorrect we should remember that our client was a young man in his early 20s incarcerated still incarcerated today doing the very best that he could to identify who had who it was that attacked him in his pro se complaint he named the shift where they worked he gave very detailed descriptions of what happened to him and and approximately what time of day and as the day went on and as he was waiting for medical attention he did absolutely everything that he could do then the district court recognizing him as a pro se plaintiff did exactly as they as he should have done the district court looked at the complaint decided that it was not frivolous decided that it did state a cause of action that should be addressed and he's in he ordered that it be served on the sheriff so that the sheriff might help the plaintiff the plaintiff my client identify who the guards were I see that I'm nearly at the end of my time and so before I launch into another point unless there are questions for me I just like to raise one point in rebuttal with respect to the application of the state law standard that appellees counsel argued first of all they never argued that case that they never argued that in their brief and they didn't argue that before the district court so I think that that is waived except but but more importantly again just to finish my point I see my time is up but just to again that's Latif case was a brick-throwing case where the plaintiff didn't know who threw the brick at her so that is very different again from the John Doe situation where he understands who he is suing and understands what he is doing and the converse is really the opposite as a judge judge Scudder kind of hit on the head is what you get is you get gamesmanship on you know plaintiffs bringing the case at the very end of the litigation period the limitations period which is what happened in this case where he brought the case 17 days before the statute of limitations expired so in in reading with the common-sense understanding of the state we asked the court overturned the district court's decision thank you all right thank you very much our thanks to both counsel and the case is taken under advisement and that concludes our calendar today so the court is in recess